## LEMOINE v. THE CITY OF ST. LOUIS, *Appellant.*

**St. Louis City Collector's Commissions.** An ordinance of the city of St. Louis provided that the city collector should receive for his services two and one-half per cent on all moneys collected, until the amount collected should reach $300,000 ; three per cent on an additional $100,000, and five per cent on all other sums collected in each fiscal year, over said amounts. There having been two succes-

sive incumbents of the office of city collector during one fiscal year; *Held,* that in determining the rate at which the commissions of the latter incumbent were to be computed, the collections made by his predecessor should be taken into account.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

*John G. Chandler* for respondent.

HOUGH, J.—One D. T. Wright was collector of the city of St. Louis from April 10th, 1875, the beginning of the fiscal year, to July 3rd, 1875, and the plaintiff was such collector from July 3rd, 1875, to April 10th, 1876, the end of the fiscal year. By the revised ordinance of 1871, of said city, it was provided that the city collector should receive for his services two and one-half per cent on all moneys collected, until the amount collected should reach $300,000; three per cent on an additional $100,000, and five per cent on all other sums collected in each fiscal year, over said amounts. The entire collections for the fiscal year of 1875–6, amounted to $472,044.60, of which Wright collected $129,404.89, and the plaintiff $342,639.71. The city paid the plaintiff $8,565.97 for his commissions as collector, and the present suit is brought to recover a balance of $2,301,13, alleged to be due under the ordinance cited, on the theory that the plaintiff is entitled to compensation for the sums collected by him at the same rates which would have been allowed for said collections, if no change had taken place in the person of the collector during the fiscal year. The circuit court held that he was so entitled, the court of appeals affirmed its judgment, and the defendant has appealed to this court.

We are of opinion that the judgment of the court of appeals should be affirmed. The evident purpose and meaning of the revised ordinance of 1871 was, that the

city should pay a certain per cent of all the moneys received by it through the office of the city collector, during any fiscal year, no matter by whom such moneys were collected. The very language of the ordinance shows that the rate of compensation for collections made is to be determined by the amount collected during the entire fiscal year, and there can be no good reason why the city should pay less for the collection of its revenue in any fiscal year in which there are two incumbents of the office of collector than it would pay for the collection of the same amount of revenue during a fiscal year in which there was but one incumbent.

Reference has been made to two ordinances, one passed in 1875 and one in 1876, which are supposed to repeal by implication the provisions of the ordinance of 1871, above quoted, but as said provisions are of a general nature and under the city charter of 1870, no general or special ordinance, which is in conflict with a general ordinance of prior date, shall go into effect until the prior ordinance, or the conflicting parts thereof, are repealed by express terms, the provisions of the ordinance of 1871, above cited, were not repealed by them.

We do not think the receipts given by the plaintiff for the commissions received by him, conclude him in this action. The judgment of the court of appeals will be affirmed. All the judges concur.